(Hamilton County Court of Common Pleas.)

## A. E. GETCHELL v. WELDAY & REYNOLDS.

*Contract partaking of maintenance void as against public policy.*

(Decided November, 1895.)

On motion for non-suit.

SAYLER, J.

This action is to recover from the defendants the sum of $1,195.93—being one-fourth of a judgment recovered and collected from a third party —under a contract for a contingent interest in the judgment.

The evidence of the plaintiff sustains the averments of the petition, and is to the effect that an agreement was entered into between the plaintiff and defendants by which it was agreed that if Getchell would secure and furnish evidence by means of which Welday & Reynolds could obtain a judgment in a case to be brought by them against a third party, they would, contingent on the result, give to Getchell one-fourth of the judgment; that Getchell did secure and furnish evidence by means of which Welday & Reynolds did secure a judgment against such party for $4,783.72 and which judgment has been paid to them.

This contract partakes of maintenance, and is void on account of its corrupt tendency, and as inconsistent with public policy. Stanley, adm'r v. Jones, 7 Bingham R. 369; Sprye v. Porter, 7 Ellis & Blackburn R. 58, 80; Lyon v. Hussey, 31 N. Y. Supplement, 281; Gillett v. Logan County, 67 Ills. 256; Lucas v. Allen, 80 Ky. 681; Thomas v. Caulkett, 57 Mich. 392; Key v. Vattier, 1 Ohio, 132; Weakly v. Hall, 13 Ohio, 167; Stewart v. Welch, 41 Ohio St. 484; Reece v. Kyle, 49 Ohio St. 475, 480.

The motion to withdraw the evidence from the jury and for a judgment for the defendants will be granted.

P. A. Reece and S. N. Maxwell, for plaintiff.

Chas. W. Baker, for defendants.